UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN LOCK,

    Plaintiff,

v.                                          Case No: 6:12-cv-680-Orl-36TBS

CITY OF WEST MELBOURNE,
FLORIDA, STEPHANY ELEY, MICHAEL
HAZLETT and HAL ROSE,

    Defendants.

## ORDER

Before the Court is Defendant City of West Melbourne's (the "City") Motion for Leave for Additional Discovery and Incorporated Memorandum of Law. (Doc. 110). In its motion, the City asks the Court to re-open discovery so that it may designate Sergeant Carlos Navedo as a witness and so that Plaintiff can depose Sgt. Navedo. (Doc. 110, p. 1-2). Because the City has not shown any (much less substantial) justification for its untimely disclosure and because allowing Sgt. Navedo to testify would unfairly prejudice Plaintiff, its motion is due to be **DENIED**.

In 2012, Plaintiff Brian Lock, former Police Chief for the City, brought this action alleging, among other things, that he was fired in violation of his federal constitutional rights, see 42 U.S.C. § 1983. (Doc. 1). On July 25, the parties agreed to a discovery plan, which specified that they would complete discovery by March 29, 2013. (Doc. 32). The Court entered its Case Management and Scheduling Order on August 2, 2012, setting a deadline of April 1, 2013 for discovery. (Doc. 35). On February 28, 2013,

Plaintiff filed an unopposed motion to extend the discovery deadline which the Court granted, extending the deadline to April 30, 2013. (Docs. 54-55).

On September 12, 2013, 135 days after the discovery deadline and 41 days after summary judgment motions were fully briefed, the City served on Plaintiff an "Eighth Supplemental Disclosure," adding Sgt. Navedo to its list of fact witnesses and describing the subject matter of his testimony as "facts." (Doc. 111, p. 2). On October 8, the City filed the pending motion.[1]

The City admits its September 12 designation of Sgt. Navedo was late. (Doc. 110). Nevertheless, it may still call him as a witness at trial if its "failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The City's motion is devoid of facts demonstrating either substantial justification or harmlessness. The City has not explained what Sgt. Navedo will testify about or why his testimony is important. Cf. Merisant Co v. McNeil Nutritionals, LLC, 242 F.R.D. 315, (E.D. Pa. 2007) (importance of testimony must be considered in determining whether to exclude untimely disclosed witness). The City also has not offered any explanation why it did not learn of its own employee's knowledge regarding this matter until long after the discovery deadline passed.[2] A substantially unexplained failure to disclose a witness cannot be substantially justified.

The City argues that "[t]here is substantial time left prior to trial for Plaintiff's counsel to take Sgt. Navedo's deposition and issue other discovery if Plaintiff chooses to do so." (Doc. 110, p. 2). If taken, Sgt. Navedo's deposition may open the door to

---

[1] The same day, the City served a document entitled "Defendants' Witness List" on Plaintiff listing Sgt. Navedo and, for the first time, offering a description of his expected testimony. (Doc. 111, p. 21). However, the City did not provide this information to the Court when it filed its Motion.

[2] At the same time, the City insists that "[t]he existence or knowledge of Sgt. Navedo is no surprise to the Plaintiff, as Plaintiff worked with Sgt. Navedo for years during his employment at the [City] Police Department." (Doc. 110, p. 2).

- 2 -

additional discovery, all of which could add time and expense to the life of this case. The Court therefore finds that the City's untimely disclosure of Sgt. Navedo is not substantially justified or harmless. Accordingly the Motion for Leave for Additional Discovery (Doc. 110) is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on October 10, 2013.

                                                   THOMAS B. SMITH
                                                   United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Any Unrepresented Parties